155 A.2d 887 (1959)
Matter of SEMINOLE OIL & GAS CORPORATION.
Court of Chancery of Delaware, New Castle.
October 27, 1959.
Reargument Denied November 12, 1959.
*888 Louis Goldstein, Wilmington, for petitioner.
Arthur G. Logan and Aubrey B. Lank of Logan, Marvel, Boggs & Theisen, Wilmington, for Seminole Oil & Gas Corporation.
SEITZ, Chancellor.
Petitioner, a stockholder of Seminole Oil & Gas Corporation ("Seminole"), seeks the appointment of a Master to hold a meeting of stockholders to elect directors. Petitioner contends that the annual meeting was not held on the first Monday of May, 1959, as required by the by-law. Defendant claims that the by-laws were properly amended to change the annual meeting date to the last Monday of December.
This matter comes before the court on cross motions for summary judgment.
This corporation has just come through a costly court-directed election based upon the failure of the prior management to hold the election at the time fixed by the then valid by-laws. See In re Seminole Oil & Gas Corporation, Del.Ch., 150 A.2d 20. The new board did not convene in time to directly amend the by-laws providing for the holding of the annual meeting on the first Monday in May. This is so because they did not meet "within 60 days next before the day on which the election is [was] to be held", 8 Del.C. § 222. However, they contend that the May by-law provision has been, in effect, properly replaced by a new amendment.
To go back for a moment, in the prior litigation this court concluded that the resolution adopted at a meeting of the directors held on March 3, 1958, changing the annual meeting date to the first Monday in August, was invalid because the action was taken without giving notice to *889 a then director (Richardson). The court would have had no right to direct the holding of an election in the prior action had it not invalidated the resolution of March 3, 1958. Richardson was reelected at the court-directed election.
At the meeting of the new board held on March 6, 1959, director Richardson gave a waiver of notice of the March 3, 1958, meeting. Seminole contends that this then validated the by-law change adopted at that meeting by which the annual meeting date was changed to the first Monday in August. Consequently, Seminole's counsel say that when, at the March 6 meeting, the board then changed that by-law to provide that the annual meeting date should be the last Monday in December, such action was legal. This is so, they say, because the action was taken more than 60 days before the August meeting date and therefore was outside the proscription provided by 8 Del.C. § 222.
Seminole's argument is premised upon the language of 8 Del.C. § 229 which reads as follows:
"Whenever any notice whatever is required to be given under the provisions of this chapter, or under the provisions of the certificate of incorporation or by-laws of any corporation organized under the provisions of this chapter, a waiver thereof in writing, signed by the person or persons entitled to said notice, whether before or after the time stated therein, shall be deemed equivalent thereto."
The present management, then the "outs", used the failure to notice director Richardson as the basis for having this court declare invalid the by-law adopted by the prior management on March 3, 1958. Now, to suit their purposes, they attempt, by virtue of the Richardson waiver of notice, to validate that very same action. Indeed, it was on the basis of the prior determination that the election was held which resulted in the present management being in office.
Passing over the questionable nature of such action, I do not believe the waiver here was valid. I say this because I believe this court's judgment that the 1958 by-law was invalid prevented the subsequent use of the waiver statute in this case. That judgment cannot be circumvented by an attempted misuse of the salutary purpose of the waiver statute. Additionally, I doubt that 8 Del.C. § 229, fairly construed, permits a waiver to be given by a party who no longer is in the position which would have entitled him to notice. Here the waiver was given by the director in question after she had been elected to a new term as director. Under the facts of this case at least, I do not believe she was authorized by § 229 to give this waiver of notice.
I conclude that the waiver given by Mrs. Richardson was not legally valid and thus did not legalize the action taken at the March 1958 director's meeting. It follows that the action taken by the management at its board meeting on March 6, 1959, attempting to change the by-law, was invalid. Thus, the valid by-law is the one providing for the holding of the annual meeting on the first Monday in May. Since this date has passed, it follows that the corporation has once again failed to comply with its by-laws. I might say that this company's corporate history suggests the danger inherent in empowering the board of directors rather than the stockholders to change the annual meeting date.
Management argues that it was only recently installed and should be given an "opportunity" before having to face another election. This is a common type of rationalization. Indeed, it was employed by their opponents at an earlier stage.
The Seminole motion for summary judgment will be denied. Plaintiff's motion for summary judgment will be granted and an election will be ordered.
*890 Seminole suggests that in view of the great expense recently incurred by this corporation the court should permit the present management to conduct the court ordered election.
I think the action here taken is one indication why the court cannot accede to Seminole's suggestion. Other reasons are also evident from the prior history of this corporation. See In re Seminole Oil & Gas Corporation, above. I conclude that a Master should call and hold the election. No matter what the outcome, I believe it would be unconscionable for the management to attempt to charge to Seminole any of its expenses in connection with the election.
Present order on notice.

On Motion for Reargument
On its motion for reargument Seminole contends that the court erred in stating that Richardson had waived the notice in question after her term of office had expired and after she had been elected to a new term. Seminole says the record shows that she signed the waiver prior to taking office for the new term on March 6, 1959.
The facts show that Richardson was by order dated March 2, 1959, declared to have been duly elected to the new term on September 8, 1958. It is true that such order was stayed and was not vacated until March 6, 1959. But this makes no difference. Absent some special provision, a director's term commences when elected not when the first meeting of the board is held. The language of the controlling by-law is consistent with this conclusion.
In any event, the court's unvacated judgment invalidating the prior by-law was an independent basis for striking the waiver.
I regret that those stockholders who are not connected with either faction seeking control should once again be the innocent victims of this internecine economic struggle.
The other grounds of Seminole's motion for reargument are also without merit.
The motion for reargument is denied.